UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD M. ROMEO and NANCY ROMEO, | : : | |
| Plaintiffs, | : : | No. 3:19-CV-01339 (VLB) |
| v. | : : : | February 11, 2020 |
| BARBARA J. CECEREL, TOWN OF MANCHESTER, TIMOTHY P. ONEIL, TED CIEROCKI, ROBERT J. DAVIDSON, and KIM DUBANOSKI, Defendants. | : : : : : : | |

MEMORANDUM OF DECISION GRANTING MANCHESTER DEFENDANTS' MOTION TO DISMISS, [ECF NO. 30], AND MOTION TO DISMISS FILED BY DEFENDANTS CECEREL AND DAVIDSON, [ECF NO. 35]

Plaintiff's Richard M. Romeo and Nancy Romeo brought this *pro se* action in Connecticut Superior Court alleging that their neighbors Barbara Cecerel[1] and Robert Davison, and the Town of Manchester and three Town of Manchester employees were liable for civil conspiracy to "control the development of the parcel known as 205 N. Elm Street" in Manchester, among other causes of action. [ECF No. 1-2 at 8]. On August 29, 2019, the Town of Manchester and its employees (the "Manchester Defendants") removed the action to this Court. [ECF No. 1]. Defendants Cecerel and Davidson consented to the removal on September 16, 2019. [ECF No. 15].

On October 7, 2019, the Manchester Defendants filed a Motion for a More Definite Statement, arguing that they needed "clarification regarding the factual

---

[1] Apparently, Defendant Cecerel's name is actually spelled Cecere. *See* [ECF No. 35]. For clarity the Court will use the spelling set forth in the Plaintiffs' Complaint. [ECF No. 1-2].

1

allegations supporting plaintiffs' claims against them." [ECF No. 16 at 1]. The Manchester Defendants explained further:

> plaintiffs have done nothing more than conclusively plead that the Manchester defendants failed to supervise, were engaged in a civil conspiracy, violated their rights, trespassed and falsely documented records. However, other than reference to an FOIA request received by the Town on or about January 4, 2019, plaintiffs' complaint is devoid of any additional factual allegations regarding specific conduct by each defendant sufficient to state a plausible claim for relief. The plaintiffs have also failed to distinguish conduct among the defendants and merely assert that the Manchester defendants and the other individually named defendants engaged in a civil conspiracy and violated their constitutional rights. Despite plaintiffs' obligation to articulate specific conduct attributable to each defendant, the dearth of factual allegations in the complaint leave these defendants and co-defendants to speculate as to what conduct the plaintiffs rely on to support their claims. . . . Moreover, plaintiffs have failed to identify the factual or legal basis for the alleged violations of their 'civil rights.'

*Id.* at 4-5.

Plaintiffs failed to object or otherwise respond to the Manchester Defendants' Motion for a More Definite Statement, and on November 8, 2019, the Court granted the Manchester Defendants' Motion, ordering Plaintiffs to file an Amended Complaint by November 29, 2019. [ECF No. 23]. The Court's Order directed Plaintiffs to "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

When Plaintiffs did not file an Amended Complaint by November 29, 2019 as Ordered by the Court on November 8, 2019, the Court, on December 3, 2019, dismissed this action without prejudice to Plaintiffs filing an Amended Complaint by December 10, 2019, under threat of dismissal with prejudice should Plaintiffs fail to do so. [ECF No. 24].

On December 5, 2019, Plaintiffs filed a "Response to Motion for a More Definite Statement." [ECF No. 25]. The Response added verbiage to the "Third Count" against the Town of Manchester for allegedly violating Plaintiffs' civil rights, *id.* at 2, and added verbiage to the "Third Count" against Manchester employee Ted Cierocki for allegedly violating Plaintiffs' civil rights, *id.* at 4.[2]

On December 19, 2019, the Manchester Defendants filed a Motion to Dismiss "plaintiffs' amended complaint dated December 5, 2019 [Doc. 25], in its entirety." [ECF No. 30]. The Manchester Defendants argued that Plaintiffs' Amended Complaint should be dismissed as Plaintiffs' LLC, Jenric Management, LLC, not Plaintiffs, is the owner of the real property at 205 N. Elm Street" in Manchester. *Id.* at 5-7. Moreover, the Manchester Defendants argue that:

> plaintiffs' amended complaint baldly asserts that the Manchester defendants engaged in a civil conspiracy, violated their civil rights, trespassed on their property, and falsely documented records. However, plaintiffs' have pleaded no new factual allegations to support these claims. Absent such factual allegations or identification of the specific rights violated, this Court cannot draw a reasonable inference that these defendants are liable to the plaintiffs.

*Id.* at 7-8 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 557). Because of this, the Manchester Defendants argued that "the claims against them should be dismissed in their entirety for failure to state a claim upon which relief can be granted." *Id* at 8.

---

[2] **Plaintiffs did not file an Amended Complaint as directed by the Court. The Defendants treat Plaintiffs' "Response" as an Amended Complaint. The Court follows suit.**

On December 27, 2019, Defendants Cecerel and Davidson also filed a Motion to Dismiss, [ECF No. 35], arguing that the claims against them lack "sufficient facts to support [a] claim of alleged misconduct" and consist of "bald assertions" with "no new factual allegations." *Id.* at 2.

On January 14, 2020, Plaintiffs responded to the Manchester Defendants' Motion to Dismiss, arguing that the claims in the Amended Complaint "ha[ve] nothing to do with Jenric Management LLC," which "does and will have a claim against the town of Manchester." [ECF No. 36 at 1]. On January 28, 2020, the Manchester Defendants replied to Plaintiffs' Opposition, arguing that "plaintiffs fail to address the fact that the property in question, 205 N Elm Street, Manchester, CT, is owned by Jenric Management, LLC. Instead, they make irrelevant assertions of harm related to the ownership of the 205 N Elm Street property." [ECF No. 37 at 2]. The Manchester Defendants also argued that Plaintiffs Opposition was deficient because it "does nothing more than baldly assert that these defendants violated their rights," and noted that "Plaintiffs' newly alleged FOI claims must be dismissed because the FOI does not provide a private right of action." *Id.* at 3 (citing *Pane v. City of Danbury*, 267 Conn. 324 (2009)).

For the following reasons, the Court GRANTS the Defendants' Motions to Dismiss.

"Federal courts are courts of limited jurisdiction. . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua*

*sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). In circumstances where a plaintiff lacks Article III standing, a court may not exercise subject matter jurisdiction. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility

that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

The Court must dismiss this case because Plaintiffs lack standing to bring these claims, which assert harm to the property at 205 North Elm Street in Manchester. The Manchester Defendants have conclusively shown, and Plaintiffs do not dispute, that Jenric Management, LLC owns that property, not Plaintiffs. In a similar case regarding an LLC's ownership of a bank account, Judge Meyer of this District dismissed for lack of standing:

> A limited liability company is a distinct legal entity whose existence is separate from its members.... [It] has the power to sue or to be sued in its own name ... or may be a party to an action brought in its name by a member or manager.... A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company.... [A] member or manager of a limited liability company is not a proper party to a proceeding by or against a limited liability company solely by reason of being a member or manager of the limited liability company.

*Lundstedt v. People's United Bank*, No. 3:14-cv-01479 (JAM), 2015 WL 540988, at *1 (D. Conn. Feb, 10, 2015). Finding similar arguments as Plaintiffs make here that because Plaintiff "allegedly used the bank account for personal purposes, he should be allowed to pursue his claims as an individual," Judge Meyer held that "I am not convinced that any principle of law or logic compels this result. Plaintiff chose to avail himself of the myriad benefits that the law affords to LLCs by creating such an entity, and he further chose to create a business/commercial bank account with People's in the name of that LLC. Any funds placed in a checking account maintained by the LLC became the property of the LLC; they were no longer plaintiff's personal funds. He cannot sue as an individual to right any

6

wrongs that People's may have inflicted on the property of the LLC." *Id.* at *2. The same can be said here and the upshot is the same; Plaintiffs lack standing to pursue claims belonging to Jenric Management, LLC.

As in *Lundstedt*, the Court declines to address the other "strong arguments for dismissal" asserted by the Defendants, "because it is clear that plaintiff[s] lack standing to pursue [their] claims." *Id.*

The Court notes the warning from *Lundstedt* that applies with equal force here:

> Limited liability companies . . . are 'distinct legal entit[ies]' that 'may appear in court only through a licensed attorney.' *Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir.2007) (*per curiam* ). Moreover, in light of the very substantial arguments raised in the motion to dismiss, if this lawsuit is filed again in the name of the LLC, the LLC's counsel should be aware of his or her ethical obligations under Rule 11 of the Federal Rules of Civil Procedure.

*Lundstedt*, 2015 WL 540988, at *3.

In conclusion, for the foregoing reasons the Court GRANTS Defendants' Motions to Dismiss. The Clerk is directed to close this case.

                                      IT IS SO ORDERED

                                         /s/

                                    Hon. Vanessa L. Bryant
                                    United States District Judge

Dated at Hartford, Connecticut: February 11, 2020